# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re: §
§
MANGIAMELI, JERRY § Case No. 09-43906
MANGIAMELI, INES §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on       . The undersigned trustee was appointed on       .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/JOSEPH R. VOILAND_____
                                            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

Case No:       09-43906       RG    Judge: MANUEL BARBOSA      Trustee Name:                JOSEPH R. VOILAND
Case Name:     MANGIAMELI, JERRY                                Date Filed (f) or Converted (c):  11/19/09 (f)
               MANGIAMELI, INES                                 341(a) Meeting Date:          12/28/09
For Period Ending: 11/24/12                                     Claims Bar Date:              05/02/11

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Real Estate - 1835 N. 77th Ave, Park IL | 269,731.00 | 0.00 | DA | 0.00 | FA |
| 2. Checking account - Chater one | 200.00 | 0.00 | DA | 0.00 | FA |
| 3. household goods | 1,000.00 | 0.00 | DA | 0.00 | FA |
| 4. wearing apparel | 150.00 | 0.00 | DA | 0.00 | FA |
| 5. Term Life Insurance - no cash surrender value | 0.00 | 0.00 | DA | 0.00 | FA |
| 6. 1998 Mazda MPV | 3,075.00 | 0.00 | DA | 0.00 | FA |
| 7. 1998 Mitsubishi Galant | 1,340.00 | 0.00 | DA | 0.00 | FA |
| 8. turnover action against debtors (u) | Unknown | 10,000.00 | DA | 220.00 | FA |
| 9. wrongful termination claim (u) | 0.00 | 0.00 | | 10,000.00 | FA |

|   |   |   |   |   | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $275,496.00 | $10,000.00 | | $10,220.00 | $0.00 |
|   |   |   |   |   | (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 06/15/12      Current Projected Date of Final Report (TFR): 06/15/12

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 09-43906 -RG | | Trustee Name: | JOSEPH R. VOILAND |
| Case Name: | MANGIAMELI, JERRY | | Bank Name: | The Bank of New York Mellon |
| | MANGIAMELI, INES | | Account Number / CD #: | *******2165  Money Market Account |
| Taxpayer ID No: | *******3070 | | | |
| For Period Ending: | 11/24/12 | | Blanket Bond (per case limit): | $ 50,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| * 01/14/11 | | Girolamo Mangiameli | partial payment on judgement for turnover DEPOSIT CHECK #5022 | 1290-003 | 120.00 | | 120.00 |
| * 01/18/11 | | Girolamo Mangiameli | partial payment on judgement for tu | 1290-003 | -120.00 | | 0.00 |
| 03/01/11 | 8 | Girolamo Mangiameli | installment payment DEPOSIT CHECK #5028 | 1290-000 | 100.00 | | 100.00 |
| * 05/06/11 | | Girolamo Mangiameli | partial payment DEPOSIT CHECK #5042 | 1290-003 | 100.00 | | 200.00 |
| * 05/09/11 | | Girolamo Mangiameli | partial payment | 1290-003 | -100.00 | | 100.00 |
| 05/17/11 | 8 | Girolamo Mangiameli | Reversed Deposit Rev. 1  Reversed Deposit 100001 1 partial payment on judgement for turnover | 1290-000 | 120.00 | | 220.00 |
| * 08/02/11 | | Girolamo Mangiameli | installment payment DEPOSIT CHECK #5056 | 1290-003 | 100.00 | | 320.00 |
| * 08/04/11 | | Girolamo Mangiameli | installment payment | 1290-003 | -100.00 | | 220.00 |
| 01/25/12 | | Transfer to Acct #*******4455 | Bank Funds Transfer | 9999-000 | | 220.00 | 0.00 |

|  | COLUMN TOTALS | 220.00 | 220.00 | 0.00 |
|---|---|---|---|---|
|  | Less: Bank Transfers/CD's | 0.00 | 220.00 | |
|  | Subtotal | 220.00 | 0.00 | |
|  | Less: Payments to Debtors | | 0.00 | |
|  | Net | 220.00 | 0.00 | |

Page Subtotals  220.00  220.00

FORM 2
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 09-43906 -RG | | Trustee Name: | JOSEPH R. VOILAND |
|---|---|---|---|---|
| Case Name: | MANGIAMELI, JERRY | | Bank Name: | Congressional Bank |
| | MANGIAMELI, INES | | Account Number / CD #: | *******4455 Checking Account |
| Taxpayer ID No: | *******3070 | | | |
| For Period Ending: | 11/24/12 | | Blanket Bond (per case limit): | $ 50,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/25/12 | | Transfer from Acct #*******2165 | Bank Funds Transfer | 9999-000 | 220.00 | | 220.00 |
| 05/22/12 | 9 | Grossinger Autoplex | | 1242-000 | 5,000.00 | | 5,220.00 |
| 06/26/12 | 9 | Zurich American Insurance Company | settlement proceeds - Sherman Dodge | 1242-000 | 5,000.00 | | 10,220.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 10,220.00 | 0.00 | 10,220.00 |
| Less: Bank Transfers/CD's | 220.00 | 0.00 | |
| Subtotal | 10,000.00 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 10,000.00 | 0.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Money Market Account - ********2165 | 220.00 | 0.00 | 0.00 |
| Checking Account - ********4455 | 10,000.00 | 0.00 | 10,220.00 |
| | ------------------ | ------------------ | ------------------ |
| | 10,220.00 | 0.00 | 10,220.00 |
| | ============== | ============== | ============== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 10,220.00 0.00

| Page 1 | | EXHIBIT A<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: November 24, 2012 |
|---|---|---|---|---|---|---|

Case Number: 09-43906  
Debtor Name: MANGIAMELI, JERRY  

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000001A<br>040<br>5800-00 | Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL 60664-0338 | Priority | | $3,074.59 | $0.00 | $3,074.59 |
| 000005A<br>040<br>5800-00 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101 | Priority | | $46,134.31 | $0.00 | $46,134.31 |
| 000001B<br>070<br>7100-00 | Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL 60664-0338 | Unsecured | | $405.20 | $0.00 | $405.20 |
| 000002<br>070<br>7100-00 | Commonwealth Edison Company<br>3 Lincoln Center, 4th Floor<br>Attn: Bankruptcy Section/Claims<br>Oakbrook Terrace, IL 60181 | Unsecured | | $765.09 | $0.00 | $765.09 |
| 000003<br>070<br>7100-00 | Tatiana Ostanina<br>7730 W. North Ave<br>Elmwood Park, IL 60707 | Unsecured | | $653.30 | $0.00 | $653.30 |
| 000004<br>070<br>7100-00 | Chase Bank USA NA<br>PO BOX 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $15,346.99 | $0.00 | $15,346.99 |
| 000005B<br>070<br>7100-00 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101 | Unsecured | | $5,415.58 | $0.00 | $5,415.58 |
| 000006<br>070<br>7100-00 | Capital Recovery III LLC<br>c/o Recovery Management Systems<br>Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $1,817.26 | $0.00 | $1,817.26 |
| 000007<br>070<br>7100-00 | Capital Recovery III LLC<br>c/o Recovery Management Systems<br>Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $11,530.81 | $0.00 | $11,530.81 |
| 000008<br>070<br>7100-00 | Capital Recovery III LLC<br>c/o Recovery Management Systems<br>Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $4,463.39 | $0.00 | $4,463.39 |
| 000009<br>070<br>7100-00 | Capital Recovery III LLC<br>c/o Recovery Management Systems<br>Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $638.57 | $0.00 | $638.57 |

Page 2

EXHIBIT A
ANALYSIS OF CLAIMS REGISTER

Date: November 24, 2012

Case Number: 09-43906
Debtor Name: MANGIAMELI, JERRY

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000010 070 7100-00 | Capital Recovery III LLC c/o Recovery Management Systems Corporat 25 SE 2nd Avenue Suite 1120 Miami FL 33131-1605 | Unsecured | | $3,776.26 | $0.00 | $3,776.26 |
| 000011 070 7100-00 | Roundup Funding, LLC MS 550 PO Box 91121 Seattle, WA 98111-9221 | Unsecured | | $291.20 | $0.00 | $291.20 |
| 000012 070 7100-00 | Capital Recovery IV LLC c/o Recovery Management Systems Corporat 25 SE 2nd Avenue Suite 1120 Miami FL 33131-1605 | Unsecured | | $273.36 | $0.00 | $273.36 |
| 000013 070 7100-00 | Capital Recovery IV LLC c/o Recovery Management Systems Corporat 25 SE 2nd Avenue Suite 1120 Miami FL 33131-1605 | Unsecured | | $174.71 | $0.00 | $174.71 |
| 000014 070 7100-00 | FIA Card Services, NA/Bank of America by American InfoSource LP as its agent PO Box 248809 Oklahoma City, OK 73124-8809 | Unsecured | | $14,137.97 | $0.00 | $14,137.97 |
| 000015 070 7100-00 | FIA Card Services, NA/Bank of America by American InfoSource LP as its agent PO Box 248809 Oklahoma City, OK 73124-8809 | Unsecured | | $10,721.19 | $0.00 | $10,721.19 |
| | Case Totals: | | | $119,619.78 | $0.00 | $119,619.78 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-43906
Case Name: MANGIAMELI, JERRY
           MANGIAMELI, INES
Trustee Name: JOSEPH R. VOILAND

    Balance on hand                                                  $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: JOSEPH R. VOILAND | $ | $ | $ |
| Trustee Expenses: JOSEPH R. VOILAND | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance                                           $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $           must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001A | Illinois Department of Revenue | $ | $ | $ |
| 000005A | Internal Revenue Service | $ | $ | $ |

　　　　Total to be paid to priority creditors　　　　　　　　　　$_____

　　　　Remaining Balance　　　　　　　　　　　　　　　　　　$_____

　　　The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

　　　Timely claims of general (unsecured) creditors totaling $　　　　　have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be　　　percent, plus interest (if applicable).

　　　Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001B | Illinois Department of Revenue | $ | $ | $ |
| 000002 | Commonwealth Edison Company | $ | $ | $ |
| 000003 | Tatiana Ostanina | $ | $ | $ |
| 000004 | Chase Bank USA NA | $ | $ | $ |
| 000005B | Internal Revenue Service | $ | $ | $ |
| 000006 | Capital Recovery III LLC | $ | $ | $ |
| 000007 | Capital Recovery III LLC | $ | $ | $ |
| 000008 | Capital Recovery III LLC | $ | $ | $ |
| 000009 | Capital Recovery III LLC | $ | $ | $ |
| 000010 | Capital Recovery III LLC | $ | $ | $ |
| 000011 | Roundup Funding, LLC | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000012 | Capital Recovery IV LLC | $ | $ | $ |
| 000013 | Capital Recovery IV LLC | $ | $ | $ |
| 000014 | FIA Card Services, NA/Bank of America | $ | $ | $ |
| 000015 | FIA Card Services, NA/Bank of America | $ | $ | $ |

Total to be paid to timely general unsecured creditors         $_____

Remaining Balance                                              $_____


Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE


Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE